IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CADFI CORP.** *et al.*,
    Plaintiffs,

v.

**PUERTO RICO TELEPHONE CO., INC.**
    Defendant.

Civil No. 22-1246 (BJM)

## OPINION AND ORDER

CADFI Corp. ("CADFI") and David Figueroa ("Figueroa") (collectively, "Plaintiffs") sued Puerto Rico Telephone Company, Inc. d/b/a Claro de Puerto Rico ("Claro" or "Defendant") alleging unlawful discrimination in a place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Dkt. 10. Claro moved for summary judgment and filed a proposed statement of uncontested facts, Dkts. 27-28; Plaintiffs opposed, simultaneously cross-moved for summary judgment, and included their own proposed statement of uncontested facts. Dkt. 29. Claro then opposed Plaintiffs' cross motion and proposed statement of uncontested facts. Dkt. 31. Plaintiffs replied, Dkt. 35, and Claro surreplied. Dkt. 40. Upon consent of the parties, this case was referred to me for all proceedings including the entry of judgment. Dkts. 15-16.

For the reasons set forth below, Claro's motion for summary judgment is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if

it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## FACTUAL BACKGROUND

The following facts are drawn from the parties' Local Rule 56 submissions and presented in the light most favorable to the nonmoving party. *See*, *e.g.*, *In re Oak Knoll Assocs., L.P.*, 835 F.3d 24, 29 (1st Cir. 2016). I have omitted portions of the proposed facts that state conclusions of law or that I deem irrelevant, but I otherwise resolve any conflicts between the parties' versions of events in favor of Plaintiffs.

Figueroa alleges he is disabled within the ADA's definition because he suffers from quadriplegia due to a diving accident in 1990. Dkts. 28, 29. He also claims substantial limitations to his major life activities including difficulties walking, standing, running, jumping, dancing, and bending. Dkt. 29 at 12. He purportedly uses an electric wheelchair and a scooter to move around

and has a valid handicapped parking permit issued by the Puerto Rico Department of Transportation and Public Works. Dkt. 29-1 at 7. Claro does not presently challenge these claims.

Figueroa visited the Claro store at Plaza Carolina on March 29, 2022. Dkt. 29-1 at 8. Figueroa acknowledges he has frequently visited the Claro store as a customer prior to the alleged incident because Claro provides Figueroa with television, internet, and telephone services. Dkt. 10 at 7. During his March 2022 visit, Figueroa argues he encountered physical or architectural barriers because he was attended at a non-ADA-compliant service counter. *Id*. Figueroa received what the parties describe as a preferential turn, typically reserved for disabled customers, but was assigned to a regular counter despite the existence of an accessible service counter ("Counter 1"). Dkts. 28 at 3; Dkt. 29-1 at 3. The parties admit Counter 1 measures 36 inches in height and 60 inches in length and allows for a parallel approach. Dkt. 28 at 3; Dkt. 29 at 2. Both parties also concede an employee instead brought Figueroa to the non-accessible counter after explaining that Counter 1 was occupied. *Id*. While employees attended Figueroa, he asked a female employee to help grab some documents placed between his leg and wheelchair because he is unable to grab and hold things with his hand. Dkt. 28 at 3. The employee denied this request, upsetting Figueroa, but a male employee subsequently assisted him. *Id*.

Figueroa admits he obtained his desired services despite not being assisted at the accessible counter. Dkt. 29-1 at 4. He also admits he did not request to be seen at the accessible counter, but alleges the option was not offered to him. *Id*. Claro admits its policy is to assign a customer to an accessible counter upon a customer's request. Dkt. 28 at 3.

Claro contends its Plaza Carolina store's design and policies comply with the ADA. Dkt. 27. Plaintiffs argue neither complies, ask the court to deny Claro's motion for summary judgment, and seek orders granting the following: (1) a declaratory judgment stating Claro is in violation of

Title III of the ADA; (2) a permanent statutory injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a) ordering Claro to implement policies, practices, or procedures in compliance with the ADA; (3) and attorney's fees. Dkt. 29. Plaintiffs base their analysis on both the physical and procedural barriers Figueroa allegedly encountered on March 29, 2022. Dkt. 29. However, they undoubtedly focus the discussion on the discriminatory procedures, even alleging their true claim concerns Claro's reluctance to reasonably modify its policy regarding customer service practices at the sales and service counters. *Id*.

## DISCUSSION

Congress passed the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." *Spector v. Norwegian Cruise Line Ltd*., 545 U.S. 119, 128 (2005). To establish a *prima facie* Title III case, a plaintiff "must demonstrate that (1) he or she has a qualified disability under the ADA, (2) the defendant operates a place of public accommodation, and (3) the plaintiff was discriminated against as a result of his or her disability." *Medina-Rodriguez v. Fernandez Bakery, Inc*., 255 F. Supp. 3d 334, 341 (D.P.R. 2017) (citing cases). Disability discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature," 42 U.S.C. § 12182(b)(2)(A)(iv), as well as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. 12182(b)(2)(A)(ii).

The date of a facility's construction is a crucial piece of information when analyzing an ADA claim. Because neither party provides a date of construction, I cannot determine whether the

Claro store at Plaza Carolina is considered a new or existing facility under the ADA. *See* 28 C.F.R. §§ 36.401(a), 36.402(a). If the property were built to be first occupied after January 26, 1993, it would be considered a new construction. 28 C.F.R. § 36.401(a). If it were built before that date, it would be considered an existing facility. *Id.* For existing facilities, plaintiffs must show the modifications are "readily achievable." 42 U.S.C. § 12182(2)(A)(iv). When evaluating a motion for summary judgment, courts must "indulg[e] all reasonable inferences in [the opposing] party's favor." *Griggs-Ryan*, 904 F.2d at 115. Although Figueroa offers no evidence the property was built to be first occupied after January 26, 1993, and is thus a new construction under the ADA, I will still evaluate his motion for summary judgment assuming it is a new facility under the ADA, given the assertion that it was *designed* and built after the year 1992. Dkt. 11 at 9.

Further, depending on the date the Claro store was constructed, either the 1991 or 2010 ADA Guidelines apply. *See* 28 C.F.R. § 36.406(a). The 1991 Guidelines apply if the last building permit application was certified or received, or, if no permit required, construction began, by September 15, 2010. *Id.* Either guideline is applicable if the permit was certified or received, or, if no permit required, construction began, between September 15, 2010 and March 15, 2012. *Id.* If the last permit was certified or received, or, where none required, construction began, on or after March 15, 2012, the 2010 Guidelines apply. *Id.* As mentioned, neither party provides the date of construction, though Claro admits the property was designed and built after 1992, Dkt. 11 at 9, and remodeled in 2018. Dkt. 28-1. Because Claro does not explain the scope of the remodeling, it is unclear whether the 1991 or 2010 Guidelines apply to the counters at issue here. Given the uncertainty, I will analyze the measurements applying both the 1991 and 2010 Guidelines. Ultimately, regardless of whether it is an existing facility versus a new construction or subject to

the 1991 versus the 2010 ADA guidelines, the Plaza Carolina Claro store's design complies with the ADA's requirements.

Because the parties agree that Figueroa has a qualifying disability and the Claro store at Plaza Carolina is a public accommodation, Dkt. 29 at 9; Dkt. 31 at 2, the only question is if Figueroa suffered discrimination due to any architectural or policy deficiencies. As mentioned, discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature." 42 U.S.C. § 12182(b)(2)(A)(iv). Moreover, Title III also defines discrimination to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. 12182(b)(2)(A)(ii). I examine whether Figueroa confronted either issue beginning with the alleged architectural barriers.

### I.   Architectural Barriers

Plaintiffs argue service counters at the Plaza Carolina Claro store violate the ADA because they are too high. Dkt. 10 at 13. Claro responds that Counter 1 is an ADA-compliant service counter. Dkt. 27 at 5-7. I agree.

Section 7.2 of the 1991 ADA Guidelines ("ADAAG") is dedicated to sales and services counters. It stipulates that department and retail stores must have at least one of each type of counter that measures at least 36 inches in length and no more than 36 inches in height. *See* 28 C.F.R. Part 36, Appendix D. Section 227.3 of the 2010 ADAAG also requires that, "[w]here provided, at least one of each type of sales counter and service counter" must comply with the specifications outlined in ADAAG Section 904.4. To meet the requirements outlined in ADAAG

section 904.4, a counter allowing for a parallel approach must feature a portion measuring at least 36 inches long and no more than 36 inches high, just like the 1991 ADAAG. ADAAG § 904.4.1.

The Plaza Carolina Claro store indisputably provides sales and service counters. Accordingly, at least one such counter must comply with the requirements outlined in either the 1991 or 2010 ADAAG. The parties admit Counter 1 permits a parallel approach, as required by the 2010 ADAAG. ADAAG § 904.4.1. And they agree Counter 1 measures 36 inches high and 60 inches long, as permitted by both ADA Guidelines. Dkt. 28 at 3; Dkt. 29-1 at 2. Moreover, Plaintiffs further referred to an "already constructed" accessible counter on the premises, presumably referencing to Counter 1. Dkt. 29 at 15. Figueroa also states he was never assisted at the *accessible* counter, thus once again conceding to the existence of an ADA-compliant counter at Claro's store. *Id*. Given the parties' admissions, Claro's motion for summary judgment regarding Plaintiffs' architectural barrier claim is **GRANTED** and that claim is **DISMISSED with prejudice.**

## II.  Procedural Barriers

In their motion for summary judgment, Plaintiffs emphasize Figueroa's allegation he was never assisted at the Plaza Carolina Claro store's ADA-compliant counter. Dkt. 29 at 15. Accordingly, Plaintiffs request Claro modify its policy as to provide services to Figueroa and other disabled customers at the ADA complaint counter. Dkt. 29 at 16.

According to 42 U.S.C. § 12182(b)(2)(A)(ii), a public accommodation shall make reasonable modifications to their "policies, practices, or procedures" when said modifications are necessary for disabled individuals to "afford goods, services, facilities, privileges, advantages, or accommodations." This allows "a person with a disability equal access to the public accommodation." Dudley v. Hannaford Bros. Co., 190 F. Supp. 2d 69, 75 (D. Me. 2002). To prevail on a policy, practice, or procedure claim, Plaintiffs must make a six-part showing:

> (1) that []he comes within the protections of the ADA as a person with a disability; (2) that the defendant's establishment is subject to the mandates of Title III as a place of public accommodation; (3) that the defendant has a discriminatory policy or practice in effect; (4) that []he requested a reasonable modification in that policy or practice which, if granted, would have afforded him access to the desired goods; (5) that the requested modification—or a modification like it—was necessary to afford that access; and (6) that the defendant nonetheless refused to modify the policy or practice.

*Martinez v. Na"l Univ. Coll.*, No. CV 18-1975 (DRD), 2020 WL 1933646, at *4 (D.P.R. Apr. 21, 2020) (internal quotation marks omitted) (quoting *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003)). And of note here:

> *[A] plaintiff bears the burden of establishing that he requested a specific reasonable accommodation to a policy* which, if granted, would afford him access to the desired goods or services. Once the plaintiff meets that burden of showing that a modification is reasonable in a general sense, the defendant must make the modification unless he can show that such a change would work a fundamental alteration."

*Massachusetts v. E\*Trade Access, Inc.*, 464 F. Supp. 2d 52, 58 (D. Mass. 2006) (emphasis added).

As discussed, Figueroa established he has a disability, and the Plaza Carolina Claro store is a public accommodation. Regarding the policy or practice in place, both parties agree that Figueroa was called to a regular counter, but Claro maintains it is common practice to move a client to an accessible counter if requested:

> If any client requests the accessible counter specifically, he or she will be solely assigned to receive services at the accessible counter and an employee trained to provide the service they require will move from their regular station to the accessible counter, login into the computer there and provide the service the client requires.

Dkt. 27. Although neither party provided copies or evidence of Claro's written policy, despite Plaintiffs' repeated requests in the interrogatory, Dkt. 29-4, there is sufficient proof of a discriminatory practice through the parties' admissions. Pointedly, Figueroa alleged he was never attended at the accessible counter, and Claro admitted the "extent" of what Figueroa recalls. Dkt. 31 at 2. Moreover, both parties admit Figueroa was attended at a regular counter instead of the

compliant Counter 1. Dkt. 29-1 at 8; Dkt 31 at 1. This was exacerbated by the fact that an employee initially refused to help Figueroa reach his documents. Although an accommodation was made and Figueroa received the services at the store, Claro never assisted him at the compliant counter which would have provided Figueroa more accessibility and comfort as a wheelchair user, and thus guaranteed a "full and equal enjoyment of public accommodations." *Spector,* 545 U.S. 119, 128. Instead, Figueroa experienced "discomfort" during the transaction at the regular counter. Dkt. 10 at 7. The lack of accommodation constitutes discrimination through a practice with a discriminatory effect that denies meaningful access to Claro's store.

However, Figueroa had to request a reasonable accommodation upon experiencing discrimination at the hands of Defendant because of his disability. One plaintiff satisfied this obligation by suggesting or requesting the modification of the defendant's policies via letter, prior to filing suit. *See E*Trade Access, Inc.*, 464 F. Supp. 2d at 58–59. However, at least one court has found a plaintiff's verbal request was sufficient. *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1008 (9th Cir. 2017).

Here, the concern is whether Figueroa verbalized the requested modification or not. In their motion for summary judgment, Plaintiffs argue Figueroa "voiced his complaint about not being served at the lower, more accessible counter and requested to be attended there . . . his request was denied." Dkt. 29 at 14. However, Figueroa testified during his deposition that he never requested to be attended at the accessible counter. Dkt. 28-5 at 53:4–7. And Plaintiffs admit the same in their opposition to Claro's statement of uncontested facts. Dkt. 29-1 at 6. On summary judgment, courts "consider only facts properly put into evidence by pleadings, depositions, answers to interrogatories, admissions on file and affidavits." *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 391 (D.P.R. 1981) (citing Fed. R. Civ. P. 56(c) and (e)). And courts "ignore any 'facts'

set forth only in [a party]'s unsworn memorandum of law, for legal memoranda and oral argument." *Id.* Accordingly, I will defer to Figueroa's admission in his deposition.

To succeed in a *prima facie* Title III claim under section (b)(2)(A)(ii), "a person with a disability is *required to request a reasonable and necessary modification*, thereby informing the operator of a public accommodation about the disability". *Betancourt-Colon v. Kimco PR Mgmt. Corp.*, No. CV 22-1055 (DRD), 2023 WL 6393065, at *5 (D.P.R. Sept. 30, 2023) (emphasis added). Per his own admission, Figueroa failed to make a pre-litigation request to "modify any alleged unlawful policies and procedures." *Id.* Thus, like the plaintiff in *Betancourt-Colon*, Figueroa did not comply with the pre-litigation request requirement.

I note Figueroa did request a reasonable modification, although vaguely, in the amended complaint. Dkt. 10 at 15. However, that is insufficient. *See Betancourt Colon v. Puerto Rico Convention Ctr. Dist. Auth.*, No. CV 22-01288 (MAJ), 2023 WL 5163320, at *4 (D.P.R. Aug. 11, 2023) (filing of complaint did not satisfy the request requirement). Thus, Plaintiffs did not establish a *prima facie* case pursuant to Title III of the ADA. Accordingly, Claro's motion for summary judgment is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED**. Plaintiffs' requests for declaratory judgment, a permanent statutory injunction, and attorney's fees are **DISMISSED with prejudice**.

I note Claro requested costs and attorney's fees because Plaintiffs' action was frivolous. Dkt. 27 at 2. It may seek both in accordance with Federal Rule of Civil Procedure 54(d). As such, its motion for attorney's fees is **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

For the reasons explained above, Claro's motion for summary judgment is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED**. Plaintiffs' ADA claims alleging

architectural barriers and procedural barriers are **DISMISSED WITH PREJUDICE**. And Claro's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of February 2024.

                                      **S/ Bruce J. McGiverin**
                                      BRUCE J. MCGIVERIN
                                      United States Magistrate Judge