## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CADFI CORP. *et al.*,**<br>    Plaintiffs,<br><br>    v.<br><br>**PUERTO RICO TELEPHONE CO., INC.,**<br>    Defendant. | Civil No. 22-1246 (BJM) |

## <u>ORDER</u>

CADFI Corp. ("CADFI") and David Figueroa ("Figueroa") (collectively, "Plaintiffs") sued Puerto Rico Telephone Company, Inc. d/b/a Claro de Puerto Rico ("Claro" or "Defendant") alleging unlawful discrimination in a place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA" or "the Act"). Dkt. 10. After the parties cross-moved for summary judgment, Dkts. 27; 29, I denied Plaintiffs' motion and granted Claro's motion. Dkt. 41. Claro now seeks attorney's fees because it contends Plaintiffs knew the service counter at issue in this case complied with the ADA and that Figueroa's failure to request an accommodation precluded a finding of discrimination under the Act. Dkt. 44. Plaintiffs opposed, Dkt. 45, and Claro responded. Dkt. 49. Upon consent of the parties, this case was referred to me for all proceedings including the entry of judgment. Dkts. 15, 16.

Under the ADA, this court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. However, "awarding attorney's fees to defendants in ADA cases is rare." *Lopez-Lopez v. Robinson Sch. Inc.*, 495 F. Supp. 3d 84, 85 (D.P.R. 2020) (citing *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 241 (1st Cir. 2010)). That is because "attorney's fees may not be awarded to a prevailing defendant under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so."

*Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 11 (1st Cir. 1999). "[A] court need not find bad faith to justify an award of fees for the continuation of a clearly untenable claim." *Lamboy-Ortiz*, 630 F.3d at 241–42 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). But "it must at a minimum find that, following the filing of the claim, circumstances changed to such an extent that a reasonable person could not help but conclude that the claim was no longer viable." *Id.* Finally, I note "[g]reat caution must be taken in assessing whether a claim 'clearly' became untenable prior to the close of suit because of the particular danger of hindsight logic." *Id.* at 241.

Claro contends Plaintiffs admitted they knew there was an accessible counter at its Plaza Carolina store and that Figueroa acknowledged there was an accessible counter during his numerous prior visits to the store. Dkt. 44 at 3. Further, it notes Figueroa testified at a deposition that he never requested to be attended at the accessible counter. *Id.* Claro notes these admissions formed the basis of this court's conclusion that Plaintiffs failed to state a *prima facie* claim. *Id.* And given two letters it sent in 2022 advising Plaintiffs that its Plaza Carolina store had an ADA-compliant counter staffed by an employee who could have attended Figueroa, Claro contends it is thus entitled to attorney's fees. *Id.* at 3–4.

To begin, I note "[t]he mere fact that a plaintiff fails to establish a *prima facie* case of discrimination 'does not imply that [the] decision to continue litigation up to the summary judgment stage has been frivolous, unreasonable, or groundless.'" *Lopez-Lopez*, 495 F. Supp. 3d at 86 (quoting *Fontanillas-López v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 62 (1st Cir. 2016) (citing *Christiansburg Garment Co.*, 434 U.S. at 422)). *Lopez-Lopez* is particularly instructive. There, the court granted summary judgment for a defendant after noting the plaintiff's deposition testimony failed to establish a *prima facie* employment discrimination claim. *Id.*

However, it observed that "even if [Plaintiff]'s ADA claim appeared questionable or unfavorable after her deposition, she could have had reasonable grounds to continue the suit." *Id.*

As discussed at summary judgment, Plaintiffs and Claro agreed that the counter in Claro's Plaza Carolina store met the ADA's 36-inch height requirement. *See* Dkt. 41 at 6–7. However, Plaintiffs had previously argued this counter was not regularly staffed and thus failed to comply with the ADA. Dkt. 19 at 3 ¶ 4. Though Claro disputed this contention, *id.* at 9, these differing opinions do not warrant finding that Plaintiffs vexatiously continued litigation. Moreover, as discussed at summary judgment, Plaintiffs claimed Claro failed to assist Figueroa at the accessible counter which Claro did not contest. *Id.* at 7–10. Plaintiffs argued Figueroa voiced complaints about his discomfort, but conceded he did not request to be served at the accessible counter. *Id.* at 9. However, they claimed such a request was unnecessary because Figueroa's disability was obvious. Dkt. 29 at 7–8. Claro responded that Figueroa's failure to request service at that counter precluded finding that he stated a *prima facie* claim. *Id.* at 9–10. And I agreed with Claro. *Id.*

However, as in *Lopez-Lopez*, there is no evidence in the record that Plaintiffs vexatiously continued pursing their claims to harass Claro after allegedly knowing their ADA claims lacked legal support. 495 F. Supp. 3d at 86 (citing *Fontanillas-López*, 832 F.3d at 60–61). By all accounts, Plaintiffs believed Figueroa's complaint about the inaccessible counter constituted a request to be served at the accessible counter as required to state a *prima facie* claim. And they point out the ADA does impose a duty to address known disabilities on some public accommodations. Dkt. 45 at 5. Though Claro notes it sent Plaintiffs two letters warning them about the dubious nature of their claims, Dkt. 44 at 4, those letters only addressed Plaintiffs' contention that the counter exceeded the ADA's 36-inch height limit. *See* Dkts. 44-22; 44-24. They offered no evidence it was regularly staffed and did not address Plaintiffs' known disability argument. And while Claro

offered in those letters not to seek attorney's fees if Plaintiffs withdrew their claims, "[t]he mere failure to accept even a 'sound settlement offer' does not convert a reasonable claim into a frivolous one." *Torres-Santiago v. Municipality of Adjuntas*, 693 F.3d 230, 243 (1st Cir. 2012).

Thus, I find Plaintiffs' ADA claims cannot be deemed clearly frivolous, unreasonable, or groundless. They presented reasonable arguments at summary judgment that were not clearly frivolous such that would "shock" the conscience and thus warrant imposing attorney's fees. *Lopez-Lopez*, 495 F. Supp. 3d at 86–87.

Finally, I note "[a] district court may 'deny or reduce [the] amount [of attorney's fees] after considering the plaintiff's financial condition.'" *Vistamar, Inc. v. Fagundo*, 2006 WL 1134934, at *1 (D.P.R. Apr. 26, 2006) (quoting *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1193 (1st Cir.1996) (alterations in original)). While it is unclear whether CADFI or Figueroa could afford to pay a fee award, that lack of clarity supports denying fees. *See Tarbell v. Rocky's Ace Hardware*, 2018 WL 2108245, at *4 (D. Mass. May 7, 2018) (denying fee award in ADA employment discrimination action after finding "no evidence in the record that the plaintiff can pay any award of fees and costs without considerable sacrifice.").

## CONCLUSION

For the reasons explained above, Claro's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of May 2024.

**S/ Bruce J. McGiverin**
BRUCE J. McGIVERIN
United States Magistrate Judge